# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

MICHAEL FOLEY,

    Plaintiff,

v.

CHRISTOPHER HERMES, et al.,

    Defendants.

Case No. 2:16-cv-02369-APG-PAL

**ORDER (1) GRANTING MOTION TO DISMISS; AND (2) DENYING MOTION TO AMEND**

(ECF Nos. 8, 13, 27, 34)

Plaintiff Michael Foley sued his children's schools and various school officials, as well as his ex-wife, alleging that on various dates he was stopped from entering school grounds and accessing school notices and records, in violation of his constitutional rights.[1] Defendants Paul Carapucci, Jr., Monica Lang, Pamela Norton-Lindemuth, Christopher Hosein, Doreen Kwiecen, Debbie Hancock, Carol Erbach, Christopher Hermes, and Canarelli Middle School move to dismiss.

The defendants argue that Hosein was improperly served, and Canarelli Middle School is not a proper defendant. They further argue that Foley's claims under 42 U.S.C. § 1983 fail as a matter of law because he has not shown a violation of any right protected by the Constitution. In the alternative, they argue that these individual defendants are entitled to qualified immunity. Foley responds that his constitutional right to manage and direct his children's education was violated. He also moves to amend his complaint to add or substitute a defendant and add claims under the Fourteenth Amendment.

The parties are familiar with the facts in this case. I will not repeat them here except where necessary. I grant the defendants' motions to dismiss with prejudice as to claims against Canarelli Middle School and any claims arising out of allegations regarding Foley's daughter T,

---

[1] Foley has three children, who were identified by the first letter of their first names in his complaint and the defendants' motion. I will also refer to them by these initials, T, M, and E, as necessary.

and without prejudice as to all other claims against these defendants. I deny Foley's motions to amend because they do not comply with Local Rule 15-1(a). But I will grant Foley leave to amend his complaint as discussed below.

I. **ANALYSIS**

A. **Motion to Quash Service on Defendant Hosein**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 12(b)(5) permits a defendant to challenge the mode or method of service of the summons and complaint. Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If service of process is insufficient, I have the discretion to dismiss an action or to quash service. *See, e.g.*, *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

Under Rule 4(e), an individual must be served by delivering a copy personally, leaving a copy at the person's dwelling with a resident of suitable age and discretion, or delivering a copy to an agent authorized to receive service of process. An individual can also be served by following state law. Fed. R. Civ. P. 4(e)(1). Nevada's rules for serving individuals are identical to the federal rules. *See* Nev. R. Civ. P. 4(d)(6).

According to the proof of service provided by Foley, the summons for Hosein was served on Leah Rhodus, who was designated to accept service of process on behalf of the Clark County School District. ECF No. 11 at 1. Foley has not shown that Rhodus was authorized to receive service on behalf of Hosein. Because Hosein was not properly served, I will grant the motion to quash service as to him.

B. **Motions to Dismiss**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily

assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### i. Defendant Canarelli Middle School

The defendants move to dismiss claims against Canarelli Middle School because it is not a distinct entity capable of being sued. Foley appears to accept this argument, instead asking for leave to amend. Because Foley does not respond to this argument, he consents to dismissal. L.R. 7-2(d). Therefore, I dismiss all claims against Canarelli Middle School. Amendment would be futile as to the school, as it is not a political subdivision capable of being sued. *See* Nev. Rev. Stat. §§ 41.031; 41.305. Therefore, I deny leave to amend as to defendant Canarelli Middle School. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend.").

### ii. Count I

The first count of Foley's complaint alleges he was denied access to his child T's academic records and high school campus. The defendants argue that Foley does not have legal custody of T, and therefore has no right to make any educational decisions for her.

In support of their motions, the defendants attach the divorce decree that sets out the custody arrangement for Foley's children. Foley argues that consideration of this decree would convert the motion to one for summary judgment. Generally, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (quotation omitted). However, as an exception to this rule, "a court may take judicial notice of matters of public record" under Federal Rule of Evidence 201. *Id.* at 689 (quotation omitted). The divorce decree is a matter of public record, and therefore I may take judicial notice of it without converting the motion to one for summary judgment.

Under the terms of the divorce decree, Foley's ex-wife has primary physical custody of all three of their children, and sole legal custody of T. ECF No. 8-1 at 3. Foley and his ex-wife have joint legal custody of their other two children: M and E. *Id.* In Nevada, "[l]egal custody involves having basic legal responsibility for a child and making major decisions regarding the child, including the child's health, education, and religious upbringing." *Rivero v. Rivero*, 216 P.3d 213, 221 (Nev. 2009). Without legal custody of T, Foley has no legal responsibility for her education, and thus any allegations about her education cannot form the basis of a complaint regarding his own constitutional rights. Therefore, I dismiss Count I of the complaint. Amendment would be futile, so I deny leave to amend as to any claim arising out of allegations regarding T's education. *See Nunes*, 375 F.3d at 808.

### iii. Counts II and III

The defendants move to dismiss counts II and III because they are entitled to qualified immunity. Foley responds that the defendants are not immune because they violated his constitutional right to "participate and have a meaningful and significant role in [his] children's academic and personal lives." ECF Nos. 12 at 11; 33 at 13.

"Qualified immunity shields government officials from liability for civil damages insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Brittain v. Hansen*, 451 F.3d 982, 987–88 (9th Cir. 2006) (quotation omitted). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). In ruling on a qualified immunity defense, I consider whether the evidence viewed in the light most favorable to the nonmoving party shows the defendant's conduct violated a clearly established constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009). To be "clearly established," the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The plaintiff bears the burden of showing that the right at issue was clearly established. *Sorells v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002).

In Count II, Foley alleges that he was not allowed to pick up his daughter E from school because of a court custody order and was not allowed to visit with her on campus during school hours. In Count III, Foley alleges he was barred from being listed as the emergency contact for E, was not sent unspecified parental notices, and was barred from accessing the elementary school his daughter attended. Foley argues that the school officials violated his right to make decisions concerning the care, custody, and control of his children. The defendants respond that this right is limited, and Foley has not shown that the alleged actions violate a clearly established constitutional right.

The Due Process Clause of the Fourteenth Amendment "protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, this right "is not without limitations" and "lower courts have recognized the constitutionality of a wide variety of state actions that intrude upon the liberty interests of parents controlling the upbringing and education of their children." *Fields v. Palmdale Sch. Dist.*, 427 U.S. 1197, 1204 (9th Cir. 2005).

The Seventh Circuit held in a similar case that the rights claimed by Foley were likely not federal constitutional rights, and at the least were not clearly established. *Crowley v. McKinney*, 400 F.3d 965, 971 (7th Cir. 2005). In that case, a father complained about his son's school's failure to provide him with school correspondence and refusal to allow him on campus during school hours. *Id.* at 967–68. The son's mother, from whom the father was divorced, had sole custody of the son, but the father had equal rights to access education records. *Id.* at 967. The father sued, arguing the school violated his right to participate in his children's education. *Id.* at 968. The court held that schools "have valid interests in limiting the parental presence" and that the father's interest "in micromanaging his children's education at the school properly chosen for them" was not a clearly established constitutional right. *Id.* at 969, 971; *see also Lovern v. Edwards*, 190 F.3d 648, 655–56 (4th Cir. 1999) (holding that school officials have the authority to control parental access to school property).

Foley has not met his burden to show that his right to participate in his children's education at the level of detail alleged is clearly established. He offers only a citation to *Meyer v. Nebraska*, 262 U.S. 390 (1923), which invalidated a Nebraska law forbidding the teaching of foreign languages in private schools. He argues that even though the school has previously complied with records requests, he cannot practically exercise these rights anymore because he cannot enter the school campuses. However, Foley has not shown that there is a clearly established constitutional right for a parent to access school grounds, and the cases cited above point to the opposite conclusion. Nor has he shown he has a clearly established right to be listed as the emergency contact for a child for whom he does not have primary physical custody, or to be given custody of that child in violation of a court order. Finally, he has not shown a clearly established constitutional right to receive all school communications. *Cf. Crowley*, 400 F.3d at 971 (noting "the only federal constitutional right vis-à-vis the education of one's children that the cases as yet recognize . . . is the right to choose the school and if it is a private school to have a choice among different types of schools"). Therefore, Foley has not met his burden to overcome the qualified immunity defense of these individual defendants, and I dismiss Counts II and III as to them. However, amendment is not necessarily futile as it may be possible for Foley to plead facts showing that these defendants violated some specific, clearly established constitutional right. I therefore grant Foley leave to amend his complaint if such facts exist.

iv. Count IV

In the final count of his complaint, Foley alleges that in retaliation for filing a lawsuit against defendant Monica Lang, he was barred from the campus of Canarelli Middle School. The defendants respond that as alleged, Lang had already barred Foley from campus before he told her about the lawsuit. The defendants thus argue that Foley cannot show that his bar from school was caused by the suit. Foley does not respond to this argument, and therefore consents to the dismissal of this count. L.R. 7-2. Therefore, I dismiss the fourth count of Foley's complaint. However, amendment is not necessarily futile. I grant Foley leave to amend if he can plead facts showing that he was retaliated against as a result of filing suit against Lang.

**C. Motions to Amend (ECF No. 13, 34)**

In his responses to the defendants' motions to dismiss, Foley also moves for leave to amend his complaint to articulate claims under the Fourteenth Amendment. The court has discretion to grant leave and should do so "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant . . ., [or] undue prejudice to the opposing party . . . ." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

The defendants argue that Foley did not comply with Local Rule 15, so his motions should be denied. Local Rule 15-1(a) requires a moving party to "attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." Foley did not attach a proposed amended complaint to either of his motions. Therefore, I deny the motions to amend under Local Rule 15. However, as noted above, I am granting Foley leave to amend certain claims.

## II. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motions to dismiss **(ECF Nos. 8, 27) are GRANTED.** Count I and all claims against Canarelli Middle School are dismissed with prejudice. All other claims against these moving defendants are dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff Michael Foley's motions to amend **(ECF Nos. 13, 34) are DENIED.** However, Foley may file an amended complaint within 30 days of this order, if sufficient facts exist. Foley must properly serve any defendants that have not been properly served. Foley is informed that I cannot look to prior pleadings or filings to make his amendment complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading or filing. Failure to file an amended complaint within 30 days will result in this case being closed as to the moving defendants.

DATED this 2nd day of February, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE