# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL FOLEY, | Case No.: 2:16-cv-02369-APG-PAL |
| Plaintiff | **Order Granting Motions to Dismiss** |
| v. | [ECF Nos. 43, 53] |
| CHRISTOPHER HERMES, et al., | |
| Defendants | |

Plaintiff Michael Foley sued his children's schools, various school officials, his ex-wife, and Clark County, alleging that on various dates he was stopped from entering school grounds and accessing school notices and records in violation of his constitutional rights.[1] I previously dismissed Foley's first amended complaint with limited leave to amend.[2] Foley filed a second amended complaint, which defendants Paul Carapucci, Jr., Monica Lang, Carol J. Erbach, Pamela Norton Lindemuth, Doreen Kwiecien, Debbie Hancock, and Christopher Herms (the individual defendants) move to dismiss.[3] They argue that Foley's claims under 42 U.S.C. § 1983 fail as a matter of law because he has not shown a violation of any right protected by the Constitution. In the alternative, they argue that they are entitled to qualified immunity. Clark County School District (CCSD), which Foley named as a defendant for the first time in his second amended complaint, also moves to dismiss because (1) it was not properly added as a

---

[1] Foley has three children, who were identified by the first letter of their first names in his complaint and the defendants' motions. I will likewise refer to them by those initials: T, M, and E.

[2] ECF No. 36.

[3] These are the remaining individual defendants. The other named parties, Christopher Hosein and Patricia Foley, were dismissed from this case before the second amended complaint was filed.

defendant, (2) it was not properly served, and (3) Foley's claims against it fail as a matter of law.[4] Foley responds that his constitutional right to manage and direct his children's education was violated. He also moves for additional time to properly serve CCSD.

The parties are familiar with the facts so I will not repeat them here except where necessary. In his second amended complaint, Foley brings four counts under § 1983. Counts I–III assert violations of his "right to the companionship, care, custody, and management of one's children, and their education," and Count IV asserts that Foley was denied procedural due process when that right was allegedly violated.[5] I previously dismissed Count I of Foley's complaint with prejudice. I dismiss Counts II–IV with prejudice as to the individual defendants because they are entitled to qualified immunity. And because Counts II–IV fail as a matter of law, I dismiss them with prejudice as to CCSD.

# I. ANALYSIS

## A. Motion to dismiss standard

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."[6] However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint.[7] A plaintiff must make sufficient factual allegations to

---

[4] Defendant Clark County has not moved to dismiss.

[5] ECF No. 40.

[6] *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

[7] *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

2

establish a plausible entitlement to relief.[8]  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."[9]

**B.     The individual defendants are entitled to qualified immunity.**

The individual defendants move to dismiss counts II, III, and IV because they are entitled to qualified immunity.[10]  Foley does not address this argument in his response.

"Qualified immunity shields government officials from liability for civil damages insofar as their conduct does not violate clearly established . . . rights of which a reasonable person would have known."[11]  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."[12]  In ruling on a qualified immunity defense, I consider whether the evidence viewed in the light most favorable to the non-moving party shows that the defendant's conduct violated a clearly established constitutional right.[13]  To be "clearly established," the "contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right."[14]

The plaintiff bears the burden of showing that the right at issue was clearly established.[15]  That "right must be defined with specificity," and not at a "high level of generality."[16]  A right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in

---

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[9] *Id.* at 555.
[10] ECF No. 43 at 9–11.
[11] *Brittain v. Hansen*, 451 F.3d 982, 987–88 (9th Cir. 2006) (quotation omitted).
[12] *Malley v. Briggs*, 475 U.S. 335, 341 (1986).
[13] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).
[14] *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).
[15] *Sorells v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002).
[16] *City of Escondido v. Emmons*, 586 U.S. ___, 139 S.Ct. 500 (2019) (per curiam) (slip op. at 4).

3

the situation he confronted."[17]  I make this inquiry "in light of the specific context of the case, not as a broad general proposition."[18]  Officers will be entitled to qualified immunity even if they were mistaken in their belief that their conduct was lawful, so long as that belief was reasonable.[19]

In Count II, Foley alleges that he was not allowed to pick up his daughter E from school because of a court custody order and was not allowed to visit with her on campus during school hours.  In Count III, Foley alleges he was barred from being listed as the emergency contact for E, was not sent unspecified parental notices, and was barred from accessing the school his daughter attended.  He alleges that school officials violated his rights concerning the care, custody, and control of his children.  In Count IV, Foley alleges that this interference with his rights happened without a hearing, in violation of his due-process rights under the 14th Amendment.  The individual defendants argue that Foley cannot show that the alleged actions violate a clearly established constitutional right.  They assert that, at best, Foley asserts generalized constitutional rights but does not define those rights with the appropriate level of specificity for the qualified-immunity analysis.  Foley does not address qualified immunity in his response to the individual defendants' motion.

Foley has not carried his burden of identifying with specificity the clearly established right he claims was violated in Counts II, III, and IV of his complaint.  The Due Process Clause of the Fourteenth Amendment "protects the fundamental right of parents to make decisions

---

[17] *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)) (internal quotation marks omitted).

[18] *Saucier*, 533 U.S. at 200.

[19] *Wilkins*, 350 F.3d at 955.

4

concerning the care, custody, and control of their children."[20]  However, this right "is not without limitations" and "lower courts have recognized the constitutionality of a wide variety of state actions that intrude upon the liberty interests of parents controlling the upbringing and education of their children."[21]  In failing to respond to the defendants' qualified-immunity arguments, Foley has not met his burden to show that his right to participate in his children's education to the extent alleged is clearly established.  As a result, he cannot overcome the qualified immunity defense raised by the individual defendants.

I once before granted Foley leave to amend these claims to allege new facts showing violation of a specific, clearly established constitutional right but Foley has not done so.  I therefore find that leave to amend would be futile and dismiss with prejudice Counts II, III, and IV as to the individual defendants.

**C.    Foley's claims against CCSD fail as a matter of law.**

CCSD also moves to dismiss, arguing that (1) it was improperly added in the second amended complaint, (2) it was not properly served, and (3) Foley's claims against it fail as a matter of law.  Foley responds that he did not need leave to substitute CCSD for a Doe Defendant named in his original and first amended complaints and he adequately served CCSD when he mailed a copy of the second amended complaint to defense counsel.  Regardless of the propriety of adding CCSD in the second amended complaint or the issue of service, Foley's claims against CCSD fail as a matter of law and must be dismissed.

To state a claim under § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [the plaintiff] of rights secured by the Constitution or federal

---

[20] *Troxel v. Granville*, 530 U.S. 57, 66 (2000).

[21] *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1204 (9th Cir. 2005).

5

statutes."[22] In Counts II and III, Foley alleges that CCSD violated his "fundamental constitutional right to the companionship, care, custody, and management of one's children, and their education." Count IV asserts that the violation of Foley's rights in Counts II and III deprived him of an undefined property or liberty interest without due process of law. CCSD argues that Counts II and III fail because there is no specific constitutional right implicated by Foley's allegations. As to Count IV, CCSD contends that if no deprivation of a recognized right occurred, no due process was owed. Foley responds that CCSD cannot deny him custody of his children at court-appointed times and that CCSD is unreasonably interfering with his right to tend to the welfare of his children in the school environment.

1.  Count II

In this count, Foley alleges that officials at E's school would not let him take E out of school at lunch time "to begin his court-supported custody time."[23] He alleges that Hancock, a registrar at E's school, told him that he was not barred from campus but that he could not take E at that time because it was outside his court-appointed custody arrangement.[24] CCSD argues that Foley cannot premise his claim on picking up his children at times outside the custody order's parameters. Foley responds that the school is arbitrarily interfering with his parental rights by denying him access to his children in violation of the custody order, which he asserts allows him to pull his children out of school early on Tuesdays and Thursdays.

Both parties submit various family court orders, all of which detail changes and requests to change Foley's custody arrangement. Generally, "a district court may not consider any

---

[22] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).
[23] ECF No. 40 at 9.
[24] *Id.* at 10.

6

material beyond the pleadings in ruling on a Rule 12(b)(6) motion."[25] However, as an exception to this rule, "a court may take judicial notice of matters of public record" under Federal Rule of Evidence 201.[26] The family court orders are matters of public record, and therefore I may take judicial notice of the fact that the orders exist.

The July 2014 order upon which Foley relies states that, "[d]uring the summer, [Foley] will have visitation on Tuesdays and Thursdays from 12:00 noon to 7:00 p.m. each day with the two younger children."[27] This order set a summertime custody arrangement, but left in place the school-year arrangement, which states that Foley would have visitation on certain Tuesdays and Thursdays starting at 3:30p.m.[28] A March 2018 family court order confirms that, up to that point, Foley had custody "Tuesday and Thursday from after school, or noon if school is not in session, until 7:00 p.m."[29] That order alters the arrangement only to the extent that it allows Foley to keep the children overnight on the Tuesdays and Thursdays he has custody in the afternoons.[30] None of the family court orders supports Foley's argument that he has custody beginning at noon when school is in session.

Foley does not allege that he was denied access to his children after school according to the custody agreement. He asserts only that he has a constitutional right to "take his daughter to lunch during her school lunch hour," which he argues he has a right to do under the custody

---

[25] *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (quotation omitted).
[26] *Id.* at 689 (quotation omitted).
[27] ECF No. 47 at 15.
[28] ECF No. 43 at 15.
[29] ECF No. 49-1 at 12.
[30] *Id.* at 14, 18.

7

order.[31]  Hancock and the other school officials did not prevent Foley from picking up his daughter at the court-appointed time; they only enforced the applicable custody order, which Foley does not challenge.  Foley's misinterpretation of the custody order does not amount to a violation of federal constitutional rights by CCSD.

Count II therefore fails as a matter of law.  Because Foley was given an opportunity to amend this count to allege appropriate facts and failed to do so, I dismiss it with prejudice.

2. Count III

In Count III, Foley alleges that the defendants further violated his right "to the companionship, care, custody, and management of [his] children and their education" by refusing to make him E's emergency contact, failing to send him notices that are sent to other parents, and barring him from entering the schools' campuses.[32]  CCSD argues that this count fails as a matter of law because "parents do not have a constitutional right to know, or control, everything that happens at school."[33]  It argues that Foley fails to allege a plausible § 1983 claim because he has not alleged a violation of a federal constitutional right.  Foley does not directly address this count in his response, but generally argues that he has a right to "attend[] to the welfare of his children in their school environment," and that he only wishes to do so without hindrance from the schools.

As discussed, the right of parents to make decisions concerning the care, custody, and control of their children "is not without limitations" and state actions that "intrude upon" this right have been recognized as constitutional.[34]  Foley does not cite authority to suggest that the

---
[31] ECF No. 47 at 7.
[32] ECF No. 40 at 12.
[33] ECF No. 43 at 7.
[34] *Fields*, 427 F.3d at 1204.

8

actions he complains of are impermissible intrusions on his right to care for his children. His allegations are similar to those in *Crowley v. McKinney*, in which a divorced, noncustodial father claimed his children's school violated his right to "participate in his children's education" by not providing him with "notices, records, correspondence and other documents that custodial parents receive."[35] The father also asserted that this right was violated when his request to volunteer as a playground monitor was turned down, the school refused to tell him over the phone whether his son was at school one day, and he was forbidden to attend a book fair at the school.[36] The Seventh Circuit affirmed the district court's dismissal of the father's § 1983 claim, holding that schools "have valid interests in limiting the parental presence" and that the father's interest "in micromanaging his children's education at the school properly chosen for them" was not a constitutional right.[37]

Foley argues that his case is different because he is not attempting to micromanage his children's education, he just wants to be able to see to their wellbeing while in school. He contends that his allegations are therefore unlike the allegations in *Crowley*. But he complains of near-identical conduct by CCSD's officials and alleges that conduct violates the same right asserted in *Crowley*. The reasoning in *Crowley* is persuasive: there is no case law to support Foley's assertion that the right to care for his children and manage their education extends to his asserted entitlement to access school property, receive notices from the school, and be listed as

---

[35] *Crowley v. McKinney*, 400 F.3d 965, 967 (7th Cir. 2005) (quotation omitted).

[36] *Id.* at 967–68.

[37] *Id.*; *see also Lovern v. Edwards*, 190 F.3d 648, 655–56 (4th Cir. 1999) (holding that school officials have the authority to control parental access to school property).

9

his child's emergency contact.[38] This is especially true considering Foley does not allege that he was denied the information to which he claims he is entitled when he asked for it.[39]

Foley has not alleged a violation of a federal constitutional right, so his § 1983 claim in Count III fails as a matter of law. Like his claim in Count II, I previously granted him leave to amend to add facts to support this claim and he failed to do so. I therefore dismiss Count III with prejudice.

### 3. Count IV

Finally, CCSD argues that I should dismiss Count IV because (1) Foley improperly amended this count in his second amended complaint and (2) even if the count was properly amended, Foley fails to state a claim upon which relief can be granted.

In Count IV of his first amended complaint, Foley alleged that in retaliation for filing a lawsuit against Lang, he was barred from his child's middle-school campus.[40] In my previous order, I granted Foley limited leave to amend this count to "plead facts showing that he was retaliated against as a result of filing suit against Lang."[41] In his second amended complaint, Foley restyles Count IV completely. He now alleges that the defendants violated his 14th

---

[38] *See id.* at 971 ("[T]he only federal constitutional right vis-à-vis the education of one's children that the cases as yet recognize . . . is the right to choose the school and if it is a private school to have a choice among different types of school with different curricula, educational philosophies, and sponsorship (e.g., secular versus sectarian)."); *see also T.L. ex rel. Lowry v. Sherwood Charter Sch.*, 2014 WL 897123 at *3 (D. Or. Mar. 6, 2014), *aff'd sub. nom. Lowry v. Sherwood Charter Sch.*, 691 Fed. Appx. 310 (9th Cir. 2017) ("[N]o court has extended a parent's fundamental liberty interest in the care of his or her children to a parental right to physically access a child's school.").

[39] *See* ECF No. 43 at 8 ("As explained in prior motions, [Foley] may still access information related to his children's education and communicate with schools about his children by telephoning, writing, emailing, etc. even if he is prohibited from school property.").

[40] ECF No. 6 at 10.

[41] ECF No. 36 at 6.

Amendment Due Process rights by taking the actions complained of in Counts II and III without "a hearing or an opportunity to formally dispute" the schools' and school officials' decisions to bar him from campus.[42] This is outside the scope of the limited leave to amend that I previously granted, and he has already amended his complaint once as a matter of right under Federal Rule of Civil Procedure 15(a)(1). He was therefore required to move for leave to add this claim,[43] but he did not do so. That alone is grounds for dismissal.

But even if this count were properly pleaded, it still fails because Foley does not have a due process right to a hearing in this instance. To state a Fourteenth Amendment due process claim, Foley must allege that (1) CCSD deprived him of a constitutionally protected liberty or property interest, and (2) the deprivation occurred without due process of law.[44] As discussed above, Foley has not adequately alleged that CCSD deprived him of a constitutionally protected right. Thus, his due process claim must also fail.

## II. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motions to dismiss **(ECF Nos. 43, 53) are GRANTED.** All claims against these moving defendants are dismissed with prejudice.

DATED this 1st day of March, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[42] ECF No. 40 at 13.

[43] Fed. R. Civ. P. 15(a)(2).

[44] *Zinermon v. Burch*, 494 U.S. 113, 125 (1990); *see also Doe v. Heck*, 327 F.3d 492, (7th Cir. 2003).